## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| Martin Bruce Harbison, Jr., | ) Case No.: 04-06386-BGC-7 |
| | ) |
| Debtor. | ) |
| | |
| Worry Free Service, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) A. P. No.: 04-00170 |
| | ) |
| Martin Bruce Harbison, Jr., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

### I. Background

This matter came before the Court on a <u>Motion for Summary Judgment</u> filed on April 27, 2005, by the plaintiff. After notice, oral arguments were held on June 7, 2005. Appearing was Kristen Southworth for the plaintiff. No one appeared for the defendant-debtor. The matter was submitted on the arguments of counsel and the pleadings.

### II. Findings of Fact[1]

    1.    The Defendant, Harbison was an individual engaged in the business of selling and installing heating and air conditioning systems for consumers under the name Home Energy Systems, Inc.

    2.    On June 30, 2003, the Defendant individually faxed documents relating to the purchase and sale of a furnace, air conditioner and coil to the Plaintiff relating to a sale to Magnolia McKissick, 5108 Main St., Bessemer, Alabama.

    3.    The documents faxed by the Defendant were:

        A.    A Credit Application dated June 20, 2003 from Ms. McKissick.

---

[1]These findings of fact are adopted from the plaintiff's <u>Requests for Admission of Fact</u>.

B. A Consumer Credit Installment Sales Contract dated June 20, 2003 signed by Ms. McKissick.

C. A Notice of Right to Cancel dated June 20, 2004[sic] signed by Ms. McKissick.

D. A Completion Certificate dated June 24, 2003 signed by Ms. McKissick.

4. On or about July 3, 2003, Voltview, Inc., in reliance on the Plaintiff's decision to extend credit and purchase the McKissick contract issued a check for $8,998.00 to the Defendant Harbison and/or Home Energy Systems, Inc. for the McKissick purchase and became the initial assignee of the contract.

5. Said payment referred to in Request for Admission No. 4 was made with the understanding that the retail installment sales contract would be assigned to the Plaintiff and the Plaintiff would reimburse Voltview, Inc. for said payment to Harbison and/or Home Energy Systems, Inc.

6. The Defendant received and negotiated check in the amount of $8998.00 and converted the proceeds to his own use and benefit.

7. On July 16, 2003, Voltview, Inc. called the purchaser, Ms. McKissick to verify her satisfaction with the product and confirm her purchase and sale according to the terms of the retail installment sales contract.

8. At that time, Ms. McKissick informed Voltview, Inc. that she had not financed her purchase through Voltview, Inc., but rather had elected to finance her purchase through Alabama Power.

9. When Voltview, Inc. attempted to secure a refund of the monies paid to Harbison and/or Home Energy Systems, Inc., the Defendant provided a bad check and which never honored.

10. On August 27, 2003, the Plaintiff issued a check to Voltview, Inc. the initial assignee of the contract, in the amount of $8,998.00.

11. On July 22, 2004, the Defendant filed a petition for relief under Chapter 7 of The Bankruptcy Code.

12. As of the date of the filing of his Chapter 7 case, the Defendant owed the Plaintiff $8,998.00 on the monies secured by fraud and false pretenses.

13. The documents faxed by the Defendant to the Plaintiff were false representations in that they represented that a sale of a heating and air conditioning

unit had occurred and that the retail installment sales contract had not been previously assigned to another party.

14. The Defendant knew said representations were false at the time he made them or they were made with reckless indifference as to their truth or falsity.

15. The representations were made with the intent that the Plaintiff rely on the representations by taking and assignment of the retail installment sales contract and issuing a check for the proceeds thereof to the Defendant.

16. The Plaintiff did actually and justifiably rely on said representations by taking an assignment of said retail installment sales contract and providing the proceeds which were secured by the Defendant.

17. As a direct and proximate result of the conduct of the Defendant, the Plaintiff has been defrauded of money that would not have been paid but for the Defendant's conduct.

18. The conversion of the proceeds of the retail installment contract by the Defendant with full knowledge of the financing of the purchase by another lender was a wilful, malicious and intentional injury to the Plaintiff.

### III. Issue

Is the debt the plaintiff contends is owed to it by the debtor dischargeable in this case pursuant to section 523(a)(2)(A) of the Bankruptcy Code?

### IV. Applicable Law

#### A. Admissions

The plaintiff relies on its unanswered <u>Requests for Admission of Fact</u>. Rule 36 of the Federal Rules of Civil Procedure, applicable to this matter through Rule 7036 of the Federal Rules of Bankruptcy Procedure, governs the applicability of such evidence. The Rule reads in part:

> (a) Request for Admission. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. Without leave of court or written stipulation, requests for admission may not be served before the time specified in Rule 26(d).

> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. Request for admissions.

Fed. R.Civ.P. 36.

There are limits on this Rule, see Perez v. Miami-Dade County, 297 F.3d 1255 (11th Cir. 2002), but none of the exceptions apply here. The general rule, applicable here is described in U.S. v. 2204 Barbara Lane, 960 F.2d 126 (11th Cir. 1992) as:

> Federal Rule of Civil Procedure 36:
>
>> expressly provides that requests for admissions are automatically deemed admitted if not answered within 30 days, and that the matters therein are 'conclusively established' unless the court on motion permits withdrawal or amendment of the admissions. The rule is designed to expedite litigation, and it permits the party securing admissions to rely on their binding effect. Rainbolt v. Johnson, 669 F.2d 767, 768 (D.C.Cir.1981) (reversed district court because it failed to give binding and conclusive effect to unanswered requests for admissions).

Id. at 129.

The Rule applies in situations such as the instant one where the non-responding party is a pro se litigant. The court in U.S. v. Mishler, 2000 WL 33996189 (M.D. Fla. June 6, ,2000), wrote:

> The United States Court of Appeals for the Eleventh Circuit has recognized that Rule 36 should be applied against parties proceeding pro se when the party received actual notice of the requests for admissions and failed to respond to them. United States v. 2204 Barbara Lane, 960 F.2d 126, 129 (11th Cir.1992); see also Stubbs v. Commissioner, 797 F.2d 936, 938 n .1 (11th Cir.1986). The Eleventh Circuit has also recognized that requests for admissions may may be deemed admitted if the party received constructive notice of the requests. J.D. Pharmaceutical Distribs., Inc. v. Save-On Drugs & Cosmetic Corp., 893 F.2d 1201, 1209 (11th Cir.1990).

Id. at *3.

Based on the above, the Court considers the debtor's failure to answer the plaintiff's Requests for Admission of Fact as admissions of the facts contained in the request.

### B. Fraud

### 1. Section 523(a)(2)

The plaintiff's substantive argument is that the debtor committed fraud in his transaction with the plaintiff regarding the financing of a heating and air conditioner unit. The plaintiff specifically alleges that the fraud is not dischargeable pursuant to section 523(a)(2)(A) of the Bankruptcy Code. That section reads in pertinent part:

> (a) A discharge under section 727... of this title does not discharge an individual debtor from any debt–
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by–
>
> > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523.

### 2. Burden of Proof

The burden of proof in section 523 matters is by a "preponderance of the evidence." Grogan v. Garner, 498 U.S. 279 (1991). And the plaintiff has that burden. In addition, exceptions to discharge are to be construed strictly against the objecting creditor and in favor of the debtor in order to give effect to the fresh start policy of the Bankruptcy Code.[2]

### 3. Fraud under the Bankruptcy Code

The applicable part of section 523, that is section 523(a)(2)(A) of the Bankruptcy Code, makes nondischargeable debts for money, property, services or credit obtained by a debtor by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). To have a debt declared nondischargeable pursuant to 523(a)(2)(A), a creditor must prove, "the debtor made a false statement with the purpose and intention

---

[2] Hope v. Walker (In re Walker), 48 F.3d 1161 (11th Cir. 1995); Equitable Bank v. Miller (In re Miller), 39 F.3d 301 (11th Cir. 1994).

5

of deceiving the creditor; the creditor relied on such false statement; the creditor's reliance on the false statement was justifiably founded; and the creditor sustained damage as a result of the false statement." Fuller v. Johannessen (In re Johannessen), 76 F.3d 347, 350 (11th Cir. 1996).[3]

### C. Summary Judgment Standard

The general standards in this Circuit for addressing a summary judgment motion are outlined in the decisions of the Eleventh Circuit Court of Appeals decision in Fitzpatrick v. City of Atlanta, 2 F.3d 1112 (11th Cir.1993). This Court has applied those standards here.

Specifically, in the context of whether "admissions" should apply against a pro se defendant through a summary judgment action, the Court of Appeals for the Eleventh Circuit recognized in U.S. v. 2204 Barbara Lane, 960 F.2d 126 (11th Cir. 1992):

> Federal Rule of Civil Procedure 56(c) mandates entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Emphasis added). The district court must view the evidence in the light most favorable to the nonmoving party. Sweat v. Miller Brewing, 708 F.2d 655, 656 (11th Cir.1983). Once the movant bears the initial burden of production in demonstrating no genuine issue of material fact, "the nonmoving party has the burden of making a showing sufficient to establish the existence of each essential element to the nonmovant's case on which he will bear the burden of proof at trial." Langston v. ACT, 890 F.2d 380, 383 (11th Cir.1989).

## V. Conclusions of Law

The debtor's admissions are conclusive. The plaintiff has met its burden under both section 523(a)(2) and the summary judgment standards in this Circuit.[4]

---

[3]The legislative history of section 523(a)(2)(A) indicates that the term "actual fraud" was included in that section, not to expand or define the manner of frauds that might fall within the operation of the non-dischargeability statute, but to clarify and emphasize the fact that only debts resulting from fraud intended to deceive, or frauds involving moral turpitude, are non-dischargeable, and not debts resulting from constructive fraud or fraud implied in law. The House Report discussing the section explains that "Subparagraph (A) is intended to codify current case law e.g., Neal v. Clark, 95 U.S. 704, 24 L.Ed. 586 (1887), which interprets 'fraud' to mean actual or positive fraud rather than fraud implied in law." H.R. Rep. 95-595, 549, 95th Cong., 1st Sess., reprinted in 1978 U.S.C.C. & A.N. 5963 (1977).

[4]The plaintiff also alleges that the debtor converted the funds provided to him and that this action would be a willful and malicious act under section 523(a)(6) of the Bankruptcy Code

6

The facts establish that the debtor made a false statement with the purpose and intention of deceiving the creditor; the creditor relied on that false statement; the creditor's reliance on the false statement was justifiable; and the creditor sustained damage as a result of the false statement.

Specifically, the Court finds that:

1. The documents the debtor sent to the plaintiff were false representations as those documents represented that a sale of a heating and air conditioning unit had occurred and that the retail installment sales contract had not been assigned to another party, when in fact no such sale had occurred;

2. The debtor knew that the above representations were false at the time he made them and they were made with the intent of deceiving the plaintiff;

3. The Plaintiff justifiably rely on the debtor's representations by taking an assignment of the retail installment sales contract and providing the secured proceeds to the Defendant;

4. The plaintiff suffered damages as a result of the debtor's false representations.

Therefore judgment is due to be entered against the debtor and in favor of the plaintiff.

A separate order will be entered contemporaneously with this Memorandum Opinion.

Dated: June 13, 2005      /s/Benjamin Cohen
                          BENJAMIN COHEN
                          United States Bankruptcy Judge

---

and therefore a nondischargeable debt. This Court agrees that in certain circumstances conversion may create a nondischargeable debt under section 523(a)(6). See this court's opinion in <u>HOC, Inc. v. McAllister (In re McAllister)</u>, 215 B.R. 217 (Bankr. N.D. Ala. 1996).